BAUDER v. SCHAMBER *et al.*

1. When the correctness of the instructions of the court to the jury is not questioned, and it is not claimed that the verdict is inconsistent with such instructions, there is nothing for this court to examine under an assignment that "the verdict is against the law."

2.  The question of the sufficiency of the evidence to sustain the verdict will not be considered as to an allegation of the complaint not controverted by the answer.

3.  Where it appears from the record that a material question of fact was fairly submitted to the jury, the question here is not one of preponderance of the evidence, but whether there is any substantial evidence upon which the jury might legitimately have found as they did; and, if so, the verdict as to such question will not be disturbed.

(Syllabus by the Court.   Opinion filed May 11, 1895.)

Appeal from circuit court, Bon Homme county.   Hon. E. G. Smith, Judge.

Action to recover damages.   Judgment for plaintiff, and defendants appeal.   Affirmed.

The facts are stated in the opinion.

*G. P. Harben,* for appellants.

To support an action for malicious prosecution the plaintiff must establish three things.   First, the fact of the alleged prosecution, and that it has come to a legal termination in plaintiff's favor.   Second, that the defendant had not probable cause.   Third, that he acted from malicious motives.   Hamilton v. Fish, 39 Mich. 222;  Burton v. Railroad, 22 N. W. 300.

*S. W. Treesh* and *French & Orvis,* for respondents.

The statutory ground for a new trial "that the verdict is against law" means that the jury has disregarded the instructions of the court.   Hayne on New Trials and Appeals, section 99; Emmerson v. Santa Clara, 40 Cal. 545.   An action for malicious abuse of civil process in order to compel a party to do a collateral thing or to accomplish an ulterior purpose may be maintained without alleging that the process improperly employed is at an end.   Sneeden v. Harris, 109 N. C. 349; Wanzer v. Bright, 52 Ill. 35;  Autcliff v. June, 81 Mich. 477.   A client is presumed to approve in advance of the action of his attorney, so far as it affects the defendant in the case in which such client is plaintiff, and is liable accordingly.   Foster v. Wiley, 27 Mich. 244; Oestrich v. Gilbert, 9 Hun. 242; Newberry v. Lee, 3 Hill, 523; Cook v. Hooper, 23 Mich. 510; Brown v. Feeter, 7 Wend. 301; Poucher v.

Blanchard, 86 N. Y. 256; Armstrong v. DuBois, 4 Keyes 297. The appellate court, when the evidence is conflicting will not weigh the evidence or go further than to determine therefrom whether or not the party has given snfficient legal evidence to sustain his verdict. Jeansch v. Lewis, 1 S. D. 613; Brewing v. Mieleng, 5 Dak· 136: Best v. Pillsbury, 5 Dak. 62; Finney v. Railroad, 3 Dak. 270; Betts v. Letcher, 46 N. W. 193; Parliman v. Young, 2 Dak. 175; Cannon v. Beming, 53 N. W. 863; Pielke v. Railroad, 5 Dak. 444; Bates v. Collender, 3 Dak. 256; Moline v. Gilbert, 3 Dak. 239; Hodges v. Bierlien, 56 N. W. 811; Alt v. Railroad, 57 N. W. 1126; Ormsby v. Conrad, 57 N. W. 778; Kent v. Insurance, 50 N. W. 885.

Kellam, J. Respondent, Bauder, brought this action against appellants to recover damages upon the following alleged facts: Bauder was the owner of real estate in Hutchinson county, upon which there were two mortgages about to become due, to-wit, January 1, 1892; that he had no way of meeting the same, except by making a new loan upon the same land; that for and in pursuance of such purpose, and prior to December 7, 1891, he applied to one Schatz, a loan agent, for a loan upon said land with which to pay off these mortgages, all of which the defendants well knew; that for the purpose of clouding plaintiff's title, which up to that time was clear, except the above mentioned mortgages, and thus preventing plaintiff from obtaining a loan thereon, the said defendants, without any cause or justification therefor, caused to be filed and recorded in the office of the register of deeds of said Hutchinson county, on the 8th day of December, 1891, a notice of *lis pendens*, reciting that an action had been commenced in the circuit court of said county by said Schamber against said Bauder, affecting the title to the real estate therein described, being the same real estate covered by the said mortgages, when in truth and in fact no such action was then or subsequently commenced, but that the same was so filed for the wrong and unworthy purpose of hindering and preventing said Bauder from making his said loan in time

to meet and pay off the maturing mortgages without costs; that plaintiff did not learn of the filing of such notice of *lis pendens* until on or about December 26, 1891, when he was advised of the same by said Schatz,—and that on that account he failed and refused to complete the loan, or to pay off said mortgages, as it was arranged he should do, or to furnish the money to plaintiff therefor; that on the 29th day of December, 1891, plaintiff demanded of defendant Harben that he cancel or cause to be cancelled, such notice of *lis pendens*, to which said Harben did not consent; that plaintiff then caused notice to be served on said Harben that he would, on the 13th day of January then next, apply to the court for an order discharging the same; that immediately thereafter, and prior to said 13th day of January, the defendants, for the purpose of harassing and damaging the plaintiff, purchased from the then owner, and procured to be assigned to said Schamber, the mortgages aforesaid, and on the 21st day of January commenced proceedings for the foreclosure of the same in the name of Schamber, defendant Harben acting as his attorney; that, after and by reason of the commencement of said foreclosure proceedings, the defendants demanded, and plaintiff was obliged and did pay them, the sum of $114, costs and attorney's fees, in addition to the full amount of principal and interest on said mortgage; that, but for the filing of said notice of *lis pendens*, containing the statement, well known to defendants at all times to be false, that an attachment had been issued affecting plaintiff's real estate therein described, the plaintiff could and would, prior to January 1, 1892, have completed his loan of said Schatz, and paid off the mortgages without costs or expense. It is alleged that the action of defendants was malicious, and for the purpose of extorting money from the plaintiff. In their answer, the defendants denied the allegations of the complaint generally, admitting the filing of the notice of *lis pendens*, but denied that it was done maliciously or for the purpose of vexing plaintiff or extorting money from him. Upon a trial, before a jury, the plaintiff had a verdict for $293.57, of which, as returned by the jury, $125 was for exemp-

lary damages. From a judgment upon this verdict, after the over-
ruling of a motion for a new trial, the defendants appeal.

The notice of intention to move for a new trial stated that such
motion would be made upon the minutes of the court, and upon the
grounds (1) of the insufficiency of the evidence to sustain the ver-
dict, the claimed insufficiency being particularized therein; (2) er-
rors in law occurring at the trial, and excepted to by defendants;
and (3) that the verdict is against the law. We will notice these
assignments in the inverse order here stated.

No objection was or is made to the instructions of the court
to the jury. Under such circumstances at least, the assignment
that the verdict is against the law can only mean that the verdict
was against the law as given to the jury by the court. Mr. Hayne
in concluding a discussion of the scope of this stated ground for a
new trial, says that "the phrase 'against law' applies only to cases
where it can be seen that the verdict of the jury was against in-
structions." Hayne. New Trials & App. Sec. 99, and cases cited.
The defendants were evidently content with the trial court's in-
structions as to the law, and it is not claimed that the verdict of
the jury was against or inconsistent with the instructions of the
court, provided the jury might, upon the evidence, properly find the
facts upon which the court made its instructions to depend.
There is nothing under this head for our examination.

Under the second head, "Errors in Law," there are no speci-
fications, as required by subdivision 4, sec. 5090, Comp. Laws.
This leaves for review only the question of the sufficiency of the
evidence to justify the verdict. Appellants claim it was insuffi-
cient, because there was no evidence that John Schamber ever
knew of or authorized G. P. Harben to file a *lis pendens* against
the lands described in the complaint. The foundation for this
assignment seems to be entirely undermined by the condition of
the pleadings. The complaint alleges that this notice of the
pendency of the action was "filed and caused to be recorded" by
the "said defendants Schamber and Harben" and the answer of
the defendants does not deny, but expressly admits, "the filing of

*lis pendens* on said land." The fact of the filing by "defendants Schamber and Harben" being thus admitted, there was no necessity for proving it; and upon such question there could be no failure of proof.

The second particular as to which it is claimed the evidence is insufficient to support the verdict against defendant Harben is that there was no evidence that he (Harben) "ever knew of the existence of said mortgages described in the complaint until the 22d day of January, 1892, and 11 days after the *lis pendens* was discharged." This case was tried to a jury, and the relation of this question of when and for what purpose these mortgages were purchased was fully and fairly explained by the court to the jury, by instructions to which defendants did not object. The jury found for the plaintiff. We have therefore to pass, not on the preponderance of the evidence, but upon whether there is substaintial evidence in the case upon which the jury might reasonably have found for the plaintiff in this respect. Witness Treesh testified that he had a conversation with Harben in regard to the purchase of these mortgages, with a view of foreclosing them, which he thought occurred the latter part of December or the first of January. On cross-examination he said that, to the best of his knowledge and recollection, such conversation took place prior to the 11th day of January, the day on which the *lis pendens* was discharged; that he was sure it occurred while plaintiff, Bauder, was almost daily coming to him about the *lis pendens*, and importuning him to get it removed. As against this, Mr. Harben testified that the first knowledge he had of these mortgages was on the 22d day of January, and after Mr. Schamber had arranged for their purchase. It is not the province of this court to say what effect the jury should have given to the evidence of either of these witnesses, or how they should have decided between them. Upon this evidence, we cannot interfere with the judgment and verdict of the jury.

Lastly, it is claimed that the evidence was insufficient to sustain the verdict, because no reason is shown why plaintiff, Bauder,

could not have perfected his loan from Schatz, and received the money, and paid off these mortgages, between the 11th day of January, when the *lis pendens* was discharged, and the 22d day of the same month, when defendant Schamber came into possession of the mortgages, and commenced foreclosure thereof. Henry Schatz testified that he was a loan agent, residing at Scotland; that, prior to January, plaintiff, Bauder, orally arranged with him for a loan on his farm, to take up the Wright mortgages; that, in December, defendant Schamber asked him if he was going to make a loan to Bauder; that he told him he was; that Schamber then said he "would stop it"; that, soon after, he found that a *lis pendens* had been filed against Bauder's land, and that he could not get a clear abstract, and that that was the reason he did not then make the loan; that on the 12th or 13th of January, the *lis pendens* having been removed on the 11th, he procured an abstract, and took Bauder's formal application for a loan; that it took "sometimes four days and sometimes six" to get the money after the application went forward; that about the middle of the month he went to Watertown and was gone eight days. It also appeared that Bauder had no other means of raising money at this time than by mortgaging this land. Certainly, upon this evidence, the court could not say, as matter of law, that Bauder was guilty of such negligence, either in connection with the completion of and realization upon this loan or otherwise, as would defeat his right of action if established in other respects. This question was submitted to the jury under an instruction to which no objection was made; and which seems to us to very clearly and fairly define the duty of both parties, including Schatz as the agent of Bauder, and we should not be justified in disturbing their conclusion.

Finding no reversible error in the record, the judgment is affirmed. All the judges concur.